ACCEPTED
01-15-00264-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 10:04:21 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00264-CV

IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/10/2015 10:04:21 AM

CHRISTOPHER A. PRINE
Clerk

**RODNEY HUNT**

**Appellant,**

**vs.**

**VICKY STOVALL,**

**Appellee**

On Appeal from the 129th Judicial District Court of Harris County
Trial Court Cause No. 2010-68881
The Honorable Michael Gomez, Judge Presiding

**APPELLEE'S MOTION TO DISMISS AND MOTION FOR SANCTIONS**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellee Vicky Stovall and files this her Motion to Dismiss for Want of Jurisdiction and Motion for Sanctions:

1.     Appellee is Vicky Stovall. Appellant is Rodney Hunt.

2.     This matter stems from a personal injury claim. Appellant agreed to settle the claim in open court. Appellant agreed to pay $100,000 by February 12, 2014. If Appellant failed to pay by the agreed date he was be charged an additional $1,000 per day until the amount was paid in full. Appellant failed to pay the agreed amount and a breach of contract action was later filed now before Judge Kyle Carter in the 125th Harris County Judicial District, Cause No. 2014-35716.

3. Appellant filed a notice of appeal on March 20, 2015. On March 26, 2015 this court sent notice to Appellant that this court did not have jurisdiction because it was not an interlocutory appeal allowed by statute. TEX. CIV. PRAC REM CODE ANN § 51,014 (West Supp. 2014). The court also put Appellant on notice that the notice of appeal was untimely. TEX. R. APP. P. 26.1(b), 28.1(a). The Court gave Appellant 10 days to respond.

4. Rather than respond to the court's request, appellant refiled the same notice of appeal on April 24, 2015. It cured none of the defects requested or even attempted to correct the abundant typographical errors. The court extended Appellant's deadline to respond to May 29, 2015. Again Appellant did nothing.

5. Appellant now uses this "appeal" to further delay resolution of this matter so that Appellee cannot seize Appellant's property and satisfy a judgment. Appellant filed a Motion for Summary Judgment to enforce the contract in the underlying breach of contract claim. Appellant responded by filing a motion to abate the summary judgment hearing so as to give the court of appeals time to hear the appeal.

6. Appellee requests the court Dismiss this Appeal for Want of Jurisdiction. Appellant's notice of appeal is untimely on its face as the orders from which it appeals are dated February 23, 2014 and December 12, 2015. (sic). TEX. R. APP. P. 26.1(b), 28.1(a). Even giving Appellant the benefit of the doubt and relating it to orders on February 23, 2015 and December 12, 2014, Appellant's notice of appeal is still untimely. Furthermore, the orders from which it appeals are interlocutory and this court does not have jurisdiction to hear interlocutory appeals unless authorized by statute. TEX. CIV. PRAC REM CODE ANN § 51,014 (West Supp. 2014).

7. Appellee requests damages for Appellant's filing of a frivolous appeal. Tex. R. App. P. 45. This Court has given Appellant ample opportunity to cure clear defects but has failed to even

attempt to do so. Undersigned counsel has attempted to reason with Appellant's Counsel only to be ignored. This appeal is frivolous because:

- Appellant has failed to serve the minimum procedural requirements and; *Hennigan v. Hennigan*, 677 S.W.2d 495, 496 (Tex. 1984)

- Appellant failed to respond to this Court's request for response regarding jurisdictional defects. *Compass Expl., Inc v. B-E Drilling Co.*, 60 S.W.3d 273, 280 (Tex. App—Waco, no pet.).

This is part of an ongoing practice of Appellant to obstruct this proceeding. The trial court in this matter placed a prior Motion for Sanctions under advisement and stated it would consider the matter again if Appellant failed to pay the agreed settlement. Appellant has failed to pay that settlement. The Motion for Summary Judgment in the breach of contract matter is for $536,000. Appellee requests this court Dismiss Appellant's frivolous appeal and award her monetary damages in the amount of $10,000 against Appellant's counsel for her repeated abuse of the legal process.

## PRAYER

Appellee prays that the Court grant her Motion to Dismiss for Want of Jurisdiction and Dismiss Appellant's appeal, and award her damages in the amount of $10,000.

Respectfully submitted,

L. Todd Kelly
State Bar No. 24035049
THE CARLSON LAW FIRM, P.C.
11606 N. IH-35
Austin, Texas 78753
(512) 346-5688
(512) 719-4362  (Fax)
Tkelly@carlsonattorneys.com


   /s/ L. Todd Kelly

## ATTORNEY FOR VICKY STOVALL


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the /01 day of June, 2015.

***Electronic Transmission:***
Attorney Sonya Chandler Anderson
PO Box 2263
Houston, TX 77252
281-905-5020
866-274-8878 (fax)


   /s/ L. Todd Kelly

VERIFICATION

STATE OF TEXAS §
TRAVIS COUNTY §

Before me, the undersigned notary, on this day personally appeared, the affiant, a person whose identity is known to me. After I administer an oath to affiant affiant testified:

"My name is L. Todd Kelly. I am capable of making this verification. I have read the Appellant's Motion to Dismiss. The facts stated in it are within my personal knowledge and are true and correct."

_____
L. Todd Kelly

Sworn to and subscribed before me by L. Todd Kelly on 6/10, 2015.

_____
Notary Public in and for
The State of Texas

ROBERTO FLORES
MY COMMISSION EXPIRES
April 10, 2018

My commission expires: 4/10/18